**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| V. | * | **Criminal No: 1:19-CR-00253-TSE** |
| | * | **Status: 01/10/2020** |
| **JARED EDWARD JAUREQUI** | * | **Trial: 02/03/2020** |
| | * | **Judge: T.S. Ellis, III** |
| **Defendant(s).** | * | |
| | * | |

### MOTION TO SUPPRESS STATEMENTS
### WITH MEMORANDUM OF POINTS AND AUTHORITIES

**COMES NOW**, Defendant, **JARED EDWARD JAUREQUI**, by and through, John O. Iweanoge, II, and THE IWEANOGES FIRM, P.C., his attorneys, hereby moves this Honorable Court pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to suppress any and all statements, admissions, and confessions ("statements") allegedly given by Mr. Jaurequi, whether oral, written or otherwise recorded, which the government proposes to use as evidence at trial. In support whereof, Mr. Jaurequi alleges as follows:

1. That Mr. Jaurequi is charged with one count of Conspiracy to Commit Criminal Copyright Infringement in violation of 18 U.S.C. § 371 in a nineteen count indictment.

2. That the discovery indicates that Mr. Jaurequi allegedly made certain statements to law enforcement. This motion seeks to exclude all alleged statements which the government may seek to introduce at trial, whether or not such statements are yet known to counsel or are specified herein. However, without limitation, the following alleged statements are specifically at issue: Statements allegedly made by Mr. Jaurequi to FBI agents on November 16, 2017.

3. That Mr. Jaurequi is entitled to a hearing regarding the voluntariness of any alleged statements in accordance with the provisions of 18 U.S.C. § 3501 and the principles set forth in

*United States v. Inman*, 352 F.2d 954 (4th Cir. 1965). If, at such hearing, the government fails to establish that such statements were not obtained in violation of Mr. Jaurequi's privilege against self-incrimination, nor his right to counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution, nor the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1966), and were not otherwise involuntary, see *Mincey v. Arizona*, 437 U.S. 385 (1978); *McNabb v. United States*, 318 U.S. 332 (1943), such statements should be suppressed.

4. That this motion could not be resolved in the government's favor unless the government were to prove such facts at an evidentiary hearing. See 18 U.S.C. § 3501(a) & (b). See also *United States v. Giddins*, 858 F.3d 870, 879-80 (4th Cir. 2017) (question of "whether a defendant not under formal arrest was in custody – and thus if the Miranda requirements apply" is a totality of the circumstances inquiry which "calls for application of the controlling legal standard to the historical facts…." And "[t]he Government bears the burden of proving by a preponderance of the evidence that the statement was voluntary.") (Citing *Thompson v. Keohane*, 516 U.S. 99, 112-13 (1995); *United States v. Hashime*, 734 F.3d 278, 282-283 (4th Cir. 2013); *United States v. Braxton*, 112 F.3d 777, 780-81 (4th Cir. 1997).)

5. Moreover, the government will not contend it had a warrant to arrest Mr. Jaurequi. Accordingly, if the Court determines that Mr. Jaurequi was functionally under arrest at the time of his alleged statements, the government will have the additional burden of demonstrating that probable cause existed for this warrantless arrest. If it cannot, then the statements must also be suppressed as the fruit of this unreasonable detention and illegal seizure/arrest of Mr. Jaurequi's person in violation of the Fourth Amendment of the United States Constitution. See *Wong Sun v. United States*, 371 U.S. 471 (1963); *Brown v. Illinois*, 422 U.S. 590 (1975).

**WHEREFORE,** Defendant, **JARED EDWARD JAUREQUI**, moves that all statements, admissions and confessions which the government proposes to use as evidence against him, whether oral, written or otherwise recorded, be suppressed.

Respectfully submitted,

THE IWEANOGES FIRM, P.C.                                  Jared Edward Jaurequi
                                                          Defendant by Counsel

By: ____/S/JohnOIweanoge/S/_____
    John O. Iweanoge, II
    IWEANOGE LAW CENTER
    1026 Monroe Street, NE
    Washington, DC 20017
    Phone:  (202) 347-7026
    Fax:    (202) 347-7108
    Email:  joi@iweanogesfirm.com
    Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of January, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Alexander P. Berrang, AUSA
Matthew Lamberti, Senior Counsel (US-DOJ)
United States Attorney's Office
for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

Dated: 6th day of January, 2020.                          ____/S/JohnOIweanoge/S/_____
                                                                          Of Counsel to Defendant