**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:19-CR-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, and | |
| JARED EDWARD JAUREQUI, a/k/a Jared Edwards, | |
| *Defendants*. | |

**GOVERNMENT'S MOTION FOR A SUBPOENA PURSUANT TO RULE 17 OF THE
FEDERAL RULES OF CRIMINAL PROCEDURE**

On September 17, 2020, this Court will hold hearings on pretrial release violations by defendants Kristopher Lee Dallmann and Jared Edward Jaurequi as well as additional motions—one filed by Dallmann, one by Jaurequi, and one by the government. These hearings were scheduled to occur on July 9, 2020, but were continued after the defendants did not travel to Alexandria, Virginia, supposedly because American Airlines (AA) barred them from boarding a commercial flight from Las Vegas, Nevada.

Recently, the government received preliminary information from AA representatives that—if accurate—suggests that the defendants never intended to travel to Alexandria. As a result, the government moves pursuant to Rule 17 of the Federal Rules of Criminal Procedure for the issuance of a subpoena requiring employees of AA to appear at the September 17, 2020 hearings and to produce specific, identifiable documents, data, and records relating to the defendants' failure to board their flight.

## BACKGROUND

As the Court knows, for months, the defendants have repeatedly refused to comply with instructions from their pretrial services officers in Las Vegas, and have been essentially unsupervised. In its July 9, 2020 order, the Court listed numerous recent violations of their release orders, as reported in numerous petitions by the defendants' pretrial services officers. (Order, at 2-4, Dkt. 358.)

Due to the Court's concerns about the defendants attending the July 9, 2020 hearing, the Court issued an order on June 16, 2020, stating that "a bench warrant will issue for [each] defendant's arrest and he will be transported to this District" for the hearing unless the defendant filed a notice that he would appear voluntarily in the Eastern District of Virginia. (Order, at 2, Dkt. 308.) On June 18, 2020, the defendants informed the Court that they would each appear voluntarily for the hearing. (Dkt. 314 & 316.)

On July 6, 2020, Dallmann filed a renewed motion to continue the July 9 hearing.[1] (Dkt. 339.) He stated that he visited an urgent care facility on July 1, was tested for COVID-19, and was advised to quarantine until he received a negative test result.[2] On July 6, the Court denied the motion. The Court stated in the order that Dallmann's "vulnerability to COVID-19 does not excuse him from attending the hearing scheduled for July 9, 2020, one of which is the result of [his] repeated refusal to comply with his conditions of pretrial release." (Order, at 5, Dkt. 358.)

Around 5:00 p.m. the day before the July 9 hearing—and two days after the Court's denial of Dallmann's motion for continuance—counsel for the defendants notified the Court that

---

[1] Since December 2019, the defendants have filed numerous motions to continue the trial in this case as well as postpone various other proceedings.

[2] On July 8, 2020, Jaurequi stated in a "status report" that he was tested for COVID-19 on July 1 at the same clinic.

AA had not permitted their clients to fly to Alexandria. Counsel for the defendants have proffered that AA forbade their clients from boarding the flight because each had not yet received the results of a COVID-19 test taken on July 1, 2020. Based on documents filed by the defendants, it appears that they were supposed to fly on AA flight number 2257 departing from McCarran Airport in Las Vegas on July 8, 2020, at 1:46 pm and arriving at Washington Reagan National Airport at 9:30 p.m. (Dkt. 353, 354, & 355.)

Following the defendants' failure to board their flight, on July 9, 2020, the government moved for issuance of bench warrants and to proceed with the motions hearing that day by permitting the defendants to appear remotely. (Dkt. 356.) Later on July 9, the Court granted the government's motion in part, issuing bench warrants. (Dkt. 358.) The Court stated, "Because defendant Dallmann and defendant Jaurequi have declined on numerous occasions to comply voluntarily with the conditions of their pretrial release, it is necessary to have defendant Dallmann and defendant Jaurequi arrested and transported to the Eastern District of Virginia in the custody of the United States Marshals Service." (Order, at 6, Dkt. 358.) The Court rescheduled the hearings for September 17, 2020.

By that time, numerous witnesses already had arrived at the Alexandria federal courthouse, some subpoenaed by the defendants and some of them flying across the United States to appear. These witnesses will also have to return for the September 17 hearing.

Pursuant to the Court's bench warrants, U.S. Marshals arrested the defendants in Las Vegas. On July 20, 2020, the defendants were brought before a magistrate judge in Las Vegas. The magistrate judge ordered that Dallmann be detained, remanded him into custody, and directed that the U.S. Marshals transport him to the Eastern District of Virginia forthwith. Jaurequi requested that his detention hearing be continued, and it has been set for July 24, 2020.

In its July 9, 2020 order, the Court noted, "Although no conclusion is drawn about whether defendants ever intended to appear at the July 9, 2020 hearings, it is reasonable for the government to argue that the defendants are using health concerns to avoid the consequences of their refusal to comply with conditions of pretrial supervision. A review of the record in this case discloses facts that invite such an inference." (Order, at 2, Dkt. 358.)

AA has advised the Federal Bureau of Investigation that, according to its records, the defendants apparently approached one or more AA representatives at McCarran Airport sometime before their flight was scheduled to depart. The defendants apparently did not have any bags with them, but they were holding letters. The defendants reportedly announced that they had been tested for COVID-19, and indicated that the letters in their hands concerned their COVID-19 tests. In addition, the defendants reportedly requested the name of an AA supervisor, stating that their lawyers would want this information.

According to AA's website, the only requirements for individuals to fly are (1) confirming during check-in that "they have been free of COVID-19 symptoms for the past 14 days" and (2) wearing a face covering. *See* https://www.aa.com/i18n/travel-info/coronavirus-updates.jsp (checked July 21, 2020). There is no requirement to take a COVID-19 test or present the results of any COVID-19 test. Moreover, AA has taken numerous actions to protect its passengers during the current situation with COVID-19. *See* https://www.aa.com/i18n/travel-info/travel-with-confidence.jsp (checked July 21, 2020).

The FBI has attempted to work through AA for purposes of gathering pertinent records and interviewing the AA employee(s) who apparently interacted with the defendants. According to agents, the AA employee(s) apparently documented their interaction(s) with the defendants in internal notes and records. However, AA has declined to provide the FBI with the

requested information, indicating that the company is concerned that—in the absence of legal process requiring it to produce the information—the company might run afoul of laws or regulations pertaining to the disclosure of health information.

As a result, the government now moves the Court to issue a Rule 17 subpoena to help resolve the issue of why the defendants did not show up at the July 9 hearing. For purposes of this subpoena, the government would request the production prior to the September 17, 2020 pretrial release violation hearings of the following: (1) all documents, data, and records pertaining to interactions between the defendants and AA representatives on July 8, 2020, in connection with the defendants' flight; and (2) the AA employees involved in those interactions.

## ANALYSIS

Rule 17(c) permits the Court to issue a subpoena:

> order[ing] the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c). Rule 17(c) is available to both the defense and prosecution, *United States v. Rand*, 835 F.3d 451, 463 (4th Cir. 2016), and a Rule 17(c) subpoena can be used for preparation for trial and also to to gather documents for a pre-trial or post-trial hearing. *United States v. Leaver*, 358 F.Supp.2d 273, 276 (S.D.N.Y. 2005). The rule allows each side to have "compulsory process to secure evidence in his favor." *In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir. 1988).

The Supreme Court has identified the three requirements for a Rule 17(c) trial subpoena: "(1) relevancy; (2) admissibility; (3) specificity." *United States v. Crosland*, 821 F. Supp. 1123 (E.D. Va. 1993) (Ellis, J.) (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974) (internal

5

quotation marks omitted)). The government easily meets these requirements.

First, the documents, data, and records the government requests are relevant to the Court's September 17, 2020 pretrial release violation hearings. These hearings will cover the defendants' numerous violations of the conditions of their release including refusing to provide medical information to their pretrial services officers. Moreover, if the defendants willfully failed to attend the July 9, 2020 hearing in Alexandria that would be yet another violation of their conditions of release. Both defendants have been ordered to "appear at all proceedings as required" as a condition of their release. (Orders Setting Conditions of Release, Dkt. 63, 102 and 103.) Moreover, as the Court notes in its July 9 order, a key issue at the hearings will be whether the defendants are using health concerns to avoid the consequences of their refusal to comply with pretrial release conditions, including coming to Alexandria for the July 9 hearing. Thus, it would be very helpful to obtain more information from AA about what the defendants said and did at the airport on July 8, and why they did not board the flight they booked.

Second, the Rules of Evidence do not apply at a pretrial release violation hearing. Fed. R. of Evid. 1101(d)(3). And, in any event, the requested documents, data, and records are all AA business records, admissible pursuant to Rule 902(11) of the Federal Rules of Evidence.

Third, the requested documents, data, and records are quite specific. They deal in particular with the interaction between AA representatives and the the defendants during a short period in the airport on a specific date. Based on FBI agents' communications with AA, we know the documents exist. The issue is just that AA does not want to provide the documents or witnesses without some sort of formal legal process.

## CONCLUSION

For the foregoing reasons, the government respectfully asks that the Court issue the requested subpoena pursuant to Rule 17 of the Federal Rules of Criminal Procedure.

                                                        Respectfully submitted,

                                                        G. Zachary Terwilliger
                                                        United States Attorney

Date: July 21, 2020                By:           /s/
                                                        Matthew A. Lamberti
                                                        Special Assistant United States Attorney,
                                                            Eastern District of Virginia
                                                        Senior Counsel,
                                                        Computer Crime and Intellectual Property Section
                                                            United States Department of Justice
                                                       1301 New York Avenue, NW, Suite 600
                                                       Washington, DC 20530
                                                       Phone: (202) 514-1026
                                                       Email: Matthew.Lamberti@usdoj.gov


                                   By:           /s/
                                                        Alexander P. Berrang
                                                         Monika Moore
                                                         William Fitzpatrick
                                                         Assistant United States Attorneys
                                                         U.S. Attorney's Office
                                                         2100 Jamieson Avenue
                                                         Alexandria, Virginia 22314
                                                         Tel: 703-299-3769
                                                         Fax: 703-299-3981
                                                         Email: Alexander.P.Berrang@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:19-CR-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, and | |
| JARED EDWARD JAUREQUI, a/k/a Jared Edwards, | |
| *Defendants*. | |

### ORDER ON GOVERNMENT'S MOTION FOR A SUBPOENA PURSUANT TO RULE 17 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

On July 21, 2020, the United States moved this Court for issuance of a subpoena to American Airlines under Rule 17 of the Federal Rules of Criminal Procedure.

The government represents that American Airlines has indicated to the Federal Bureau of Investigation agents that one or more of its employees interacted with defendants Kristopher Lee Dallmann and Jared Edward Jaurequi on July 8, 2020 at McCarran Airport in Las Vegas, Nevada, in connection with the defendants' failure to board a flight that day to Washington Reagan National Airport to attend a scheduled court hearing the next day in Alexandria, Virginia, and that it has documents, data, and records regarding this interaction.

These documents, data, and records are specific and relevant to the hearings on the defendants' pretrial release violations that is scheduled for September 17, 2020, and admissible

Accordingly, for good cause shown, the government's motion is **GRANTED**.

It is hereby **ORDERED** that the Clerk of the Court issue a subpoena to American Airlines requiring the company to produce prior to the September 17, 2020 hearings on the

2

defendants' pretrial release violations: (1) all documents, data, and records pertaining to all interactions among Kristopher Lee Dallmann, Jared Edward Jaurequi, and American Airlines representatives on July 8, 2020, in connection with Dallmann's and Jaurequi's flight reservations on American Airlines flight number 2257 departing from McCarran Airport in Las Vegas on July 8, 2020, at or around 1:46 pm and scheduled to arrive at Washington Reagan National Airport at or around 9:30 p.m.; and (2) the American Airlines employees involved in those interactions.

_____      _____
Alexandria, Virginia                     The Honorable T.S. Ellis, III
                                         U.S. District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF) of the foregoing to the attorneys for the defendants.

By:         /s/
      Matthew A. Lamberti
      Special Assistant United States Attorney,
       Eastern District of Virginia
      Senior Counsel,
       Computer Crime and Intellectual Property
      Section United States Department of Justice
      1301 New York Avenue, NW, Suite
      600 Washington, DC 20530
    Phone: (202) 514-1026
      Email: Matthew.Lamberti@usdoj.gov